1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

ASHLEY DIGGS,

Plaintiff,

v.

MARRIOTT HOTEL SERVICES, LLC,

Defendant.

Case No. 24-cv-06977-NC

**ORDER TO SHOW CAUSE REGARDING MARRIOTT HOTEL SERVICES, LLC'S CITIZENSHIP AND TIMING OF NOTICE OF REMOVAL**

Re: ECF 1

17
18
19
20
21
22
23

On October 4, 2024, Defendant Marriott Hotel Services, LLC filed a notice of removal based on diversity jurisdiction.  ECF 1, ¶¶ 4–8.  However, Marriott provided insufficient information to establish diversity jurisdiction and the timeliness of removal, such that the Court cannot determine whether removal of this matter to federal court is proper.  The Court therefore orders Marriott to show cause in writing as to Marriott's citizenship and whether Plaintiff Ashley Diggs acted in bad faith to prevent removal of this action, as discussed below.

24

**I.    MARRIOTT'S CITIZENSHIP**

25
26
27
28

A defendant may remove a case from state court if the federal court would have had original subject matter jurisdiction over the matter, including based on diversity.  28 U.S.C. §§ 1441(a), (b).  A notice of removal must contain a short and plain statement of the grounds for removal and basis for federal jurisdiction.  28 U.S.C. § 1446(a).  Diversity

United States District Court
Northern District of California

jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  For purposes of diversity jurisdiction, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899; 28 U.S.C. § 1332(c)(1).  In contrast, "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*

Here, Marriott's notice of removal states that at all relevant times Plaintiff has been a citizen of California, and Marriott has been incorporated in Delaware and maintained its principal place of business in Maryland.  But Marriott is an LLC, whose citizenship depends on that of each of its members.  Because the notice of removal does not include the citizenship of each member of the LLC, Marriott must show cause in writing by October 23, 2024, providing sufficient information to establish diversity jurisdiction.

## II.    TIMELINESS OF THE NOTICE OF REMOVAL

If a case is not removable based on the initial complaint, a defendant may nonetheless file a notice of removal within 30 days after receiving an amended pleading or other papers, including responses to discovery, "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446(b)(3), (c)(3)(A).  But a defendant may not remove a case based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

Plaintiff initiated this action in state court by filing a complaint on September 14, 2023.  ECF 1 ¶¶ 1, 16, Ex. A.  Marriott acknowledges that its October 4, 2024, notice of removal therefore comes more than a year after the commencement of this action.  ECF 1 ¶ 16.  However, Marriott alleges Plaintiff acted in bad faith to prevent Marriott from removing the case by failing to timely respond to discovery that showed the case was removable based on diversity jurisdiction.  ECF 1 ¶¶ 15–18.

"The removing party bears the burden of demonstrating that the plaintiff has acted in

bad faith [under § 1446(c)(1)], particularly given the strong presumption against removal." *Heller v. Am. States Ins. Co.*, No. 15-cv-9771-DMG-(JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).  In the Ninth Circuit, courts consider "whether the plaintiff engaged in strategic gamesmanship designed to keep the case in state court until the one-year deadline has expired."  *Camper v. Safeway, Inc.*, No. 23-cv-0638-JNW, 2023 WL 7403469, at *4 (W.D. Wash. Nov. 9, 2023) (citation omitted).  "District courts have considered a plaintiff's subjective intent when taking action that inhibits removal."  *Id.* Marriott's conclusory allegations that Plaintiff acted in bad faith to prevent removal are insufficient to meet this high burden.

As such, Marriott is also ordered to show cause in writing by October 23, 2024, as to how Plaintiff's delay in responding to discovery amounted to strategic gamesmanship such that the Court should make a finding of bad faith.  Plaintiff may file a written response with the Court by November 6, 2024, if she so chooses.

## III.  FREE HELP IS AVAILABLE FOR SELF-REPRESENTED LITIGANTS

As a free service to self-represented civil litigants, the Federal Pro Se Program at the San Jose courthouse provides free information and limited-scope legal advice.  The Federal Pro Se Program is available by phone appointment at (408) 297-1480.  There are also online resources available on the Court's webpage.  The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

## IV.  CONCLUSION

Marriott is ordered to show cause in writing by October 23, 2024, providing information to establish diversity jurisdiction and whether Plaintiff acted in bad faith. Plaintiff may respond in writing by November 6, 2024.

**IT IS SO ORDERED.**

Dated:  October 9, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

3